# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**CARLA BALMER,**                                                                **PLAINTIFF**
**o/b/o Richard Lee Balmer**

**V.**                                              **CASE NO. 4:23-CV-00143-LPR**

**SOCIAL SECURITY ADMINISTRATION**                                      **DEFENDANT**

## ORDER

Before the Court is Plaintiff's motion for attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[1]  Plaintiff requests an award of $1,125.72, consisting of $1,068.76 in attorney and paralegal fees and $56.96 in expenses.  Defendant does not object to an award of fees and expenses in the amount requested.[2]  For the reasons discussed below, Plaintiff's motion is GRANTED.[3]

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney fees and expenses unless the Court determines that the Commissioner's position was "substantially justified" or special circumstances would make an award unjust.[4]  After carefully reviewing the parties' submissions and the record in this case, the Court finds that Plaintiff is entitled to an attorney fee award pursuant to the EAJA.

On March 29, 1996, the statutory ceiling for EAJA fee awards was set at $125 per hour, and attorney fees cannot exceed this hourly rate unless the Court determines that a higher fee is

---

[1] Pl.'s Mot. for Att'y Fees (Doc. 14).

[2] Def.'s Resp. to Pl.'s Mot. for Att'y Fees (Doc. 16).

[3] There is one exception.  Plaintiff requests that the Court order the fee award be made payable to Plaintiff's attorney. But, consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

[4] 28 U.S.C. § 2412(d)(1)(A).

justified based on an increase in cost of living or another special factor.[5]  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.[6]  The Eighth Circuit has stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" in excess of the statutory ceiling, such as a copy of the Consumer Price Index.[7]  Use of the CPI "should result in consistent hourly fee awards in each case, rather than producing disparate fee awards from each court within the district or from different districts within this circuit."[8]  Plaintiff has submitted CPI information as support for the hourly rates requested, and the Defendant does not object to these rates.[9]  The Court finds that the requested hourly rates are reasonable.

Plaintiff's counsel has requested payment for 2.4 attorney hours and 4.9 paralegal hours of work in this case.  After reviewing the record, the Court finds that the requested hours were reasonably expended on the litigation.

Based on the above, the undersigned awards Plaintiff attorney fees and costs under the EAJA in the requested amount of $1,125.72.  Consistent with the Commissioner's usual procedure in light of *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010), payment of the fees should be issued by check to the order of Plaintiff, in care of her attorney, and mailed directly to Plaintiff's attorney.

IT IS SO ORDERED this 25th day of April 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *Id*. § 2412(d)(2)(A).

[6] *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989).

[7] *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

[8] *Id*.

[9] *See* Doc. 15–2.